[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted this proceeding by filing a foreclosure action against John and Lucy Costello; First Union Bank of Connecticut, formerly known as Union Trust Company; Milford Bank; Chase Manhattan Bank, formerly known as Chemical Bank; Judy Hall; and Redding Preschool, also known as Lease Management Services. The complaint alleges that the Costellos borrowed $184,000 from the plaintiff's predecessor in interest, First Constitution Bank, and executed an adjustable mortgage deed and note.
First Constitution Bank was subsequently declared insolvent and was placed in a Federal Deposit Insurance Corporation (FDIC) receivership. The FDIC assigned the note and mortgage to First Federal Bank, which since November 1, 1995, has been known as Webster Bank.[1] The complaint further alleges that the Costellos have failed, refused and neglected to make payments when due as required by the note and mortgage, resulting in damage to the plaintiff.
Answers and special defenses were duly filed. The special defenses, which are identical, allege that because there was no proper basis upon which the interest rate could be calculated on the underlying note, it became unenforceable. The plaintiff filed a motion to strike the special defenses on the grounds that under Connecticut law, the defenses asserted do not amount to recognized legal or equitable defenses to this foreclosure action, are legally and factually insufficient to bar foreclosure, and the assertions contained therein are contrary to established law.
The defendants' memoranda in support of their objection to the plaintiff's motion to strike discusses the equitable grounds upon which special defenses may be raised. They argue that the special defenses attack the enforceability of the note, and that the burden is on the plaintiff to establish the interest rate CT Page 5915 used in calculation of the variable interest rate.[2]
The special defenses fail to address the critical issues of the "making, validity, or enforcement of the note or mortgage in question." BeneficialMortgage Co. v. Brassington, Superior Court, judicial district of Danbury, Docket No. 318933 (June 19, 1995, Stodolink, J.). The defendants have made no factual allegations supporting their argument that the variable interest rate subsequent to the receivership became impossible to calculate, thereby making the note unenforceable.
Section 164 of the Practice Book recites that: "[n]o facts may be proved under either a general or special denial except as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." No facts alleged by the plaintiff have been shown by the defendants to be untrue or to prove that it has no cause of action. Indeed, the defendants have not pleaded facts at all, but legal conclusions. In the context of ruling on a motion to strike, the court need not take notice of legal conclusions. S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King P.C., 32 Conn. App. 786, 796,631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993), and the motion "is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215 (1992).
The motion to strike the defendants' special defenses is, accordingly, granted.
Moraghan, J.